UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


CHRISTOPHER RICK MONTEZ,

   *Plaintiff*

                               **Case No. SA-22-CV-01301-JKP**

**v.**

UNITED STATES FEDERAL
COURTHOUSE,

   *Defendant*



ORDER ACCEPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

     Before the Court is Magistrate Judge Henry J. Bemporad's Report and Recommendation. *ECF No. 4*. The Magistrate Judge recommends this Court dismiss this action based upon Plaintiff Christopher Rick Montez's failure to state a non-frivolous claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id*.

     Magistrate Judge Bemporad issued a Show Cause Order requiring Montez to show cause why this case should not be dismissed as frivolous. *ECF No. 4*. Montez did not respond. After Magistrate Judge Bemporad issued the subject Report and Recommendation, Montez filed a Motion for Extension of Time to File Objections, which was granted. *ECF Nos. 8,9*. Montez did not file any objection to Magistrate Judge Bemporad's Report and Recommendation, and the time for doing so expired.

     Any party who seeks review of all or a portion of a Magistrate Judge's Report and Recommendation must serve and file specific written objections within fourteen days after being

served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). If a party does not timely object to all or a portion of a Magistrate Judge's Report and Recommendation, the District Court will review the unobjected-to proposed findings and recommendations to determine whether they are clearly erroneous or contrary to law. *Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex. 2016) (citing *U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.)(per curiam), *cert. denied*, 492 U.S. 918 (1989).[1]

Consistent with § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2), the Court reviewed the subject Report and Recommendation for clear error on the face of the record. This Court finds no such error. Accordingly, the Court **ACCEPTS** Magistrate Judge Henry J. Bemporad's findings and recommendation and **ADOPTS** the Report and Recommendation. As recommended, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for Montez's failure to state a non-frivolous claim or any claim on which relief may be granted.

### Determination of Vexatious Litigant Status

Further, federal courts have inherent authority to take steps to protect the integrity of the court from vexatious litigants. Courts must exercise this inherent power "to protect the efficient and orderly administration of justice and ... to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)(per curiam) (citing *Roadway Express, Inc., v. Piper*, 447 U.S. 752, 764 (1980)). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* However, "because of their very potency, inherent powers must be exercised with restraint and

---

[1] While Federal Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d at 1221.

discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Therefore, "the threshold for the use of inherent power sanctions is high," and the Court must find bad faith before using its inherent powers to impose sanctions. *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995).

An appropriate exercise of a court's inherent powers is to issue pre-filing injunctions against vexatious litigants. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008). This sanction of a pre-filing injunction may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). A court may impose a prefiling sanction on a vexatious litigant upon a finding of such abuse; however, the injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id.* at 360. Before issuing a pre-filing injunction, a court must weigh all the relevant circumstances, including: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Baum*, 513 F.3d at 189; *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 218–19 (N.D. Tex. 2020). In punishing abusive or harassing misbehavior, a court should impose no more than the minimal sanctions necessary to correct the offending conduct, and the imposition of sanctions must not result in total, or even significant, preclusion of access

3

to the courts." *In re First City Bancocorporation of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002); *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 882 n.23 (5th Cir. 1988) (en banc).

Montez's litigation in the Western District of Texas is extensive: *Montez v. Federal Bureau of Investigation*, 5:21-cv-00398-XR (filed 04/20/21, closed 05/24/21); *Montez v. Court 175th et al.*, 5:21-cv-00595-OLG (filed 06/21/21, closed 11/10/21); *Montez v. Rodriguez et al.*, 5:21-cv-00718-FB (filed 07/28/21, closed 09/24/21); *Montez v. Court 175th et al.*, 5:22-cv-00036-OLG (filed 01/14/22, closed 03/18/22); *Montez v. City Public Service Energy*, 5:22-cv-00064-OLG (filed 01/25/22, closed 06/23/22); *Montez v. M.E. Rodriguez Funeral Home*, 5:22-cv-00065-OLG (filed 01/25/22, closed 04/13/22); *Montez v. Federal Bureau of Investigation*, 5:22-cv-00453-XR (filed 05/09/22, closed 08/01/22).  All seven of Montez's prior cases were dismissed as frivolous.

In another pending case in this Court, *Montez v Texas Vista Medical Center*, 22-cv-851-RBF-JKP, Magistrate Judge Farrer also issued a Show Cause order and warned Montez that should he "fail to respond to this show-cause order by coming forth with a non-frivolous claim, the Court will seriously consider imposing sanctions, including monetary fines and/or an injunction barring Montez from filing any future IFP applications without prepaying court fees." *See ECF No. 5*. Magistrate Judge Farrer also warned Montez that to avoid the possibility of sanctions, he should "request voluntary dismissal of any pending frivolous IFP Application." *See id. at ECF No. 11*.

Based upon this litigation history in this federal court, the Court finds Montez's lawsuits are duplicative, harassing, and burdensome to the Court and the parties who must defend them. While at some point Montez may have had a good faith basis to pursue legal action, these multiple frivolous lawsuits all lack a good faith basis for pursuing the litigation or are simply

intended to harass, and the collection of cases placed an extensive burden on this federal court. Given the warnings provided and the extensive litigation, the Court finds alternative sanctions are not available or will be ineffective, and imposition of monetary sanctions or fines would not protect the defendants.

Having considered the litigation history and weighing all relevant circumstances, the Court believes the appropriate sanction here is to declare Christopher Rick Montez a vexatious litigant and enjoin him from filing any civil lawsuit in the Western District of Texas without first obtaining permission from a judge of the Western District of Texas. *See Baum*, 513 F.3d at 189; *see also Walters v. Tenant Background Search*, No. 1:16-CV-1092, 2019 WL 4849204, at *4–6 (W.D. Tex. Sept. 30, 2019).

It is so ORDERED.
SIGNED this 17th day of February, 2023.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE